**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTOPHER A. ROGALSKI,<br><br>Plaintiff,<br><br>v.<br><br>NESHAMINY SCHOOL DISTRICT, ANDREW J. AMOROSO, MIDDLETOWN TOWNSHIP, JOSEPH BARTORILLA, and RYAN P. STAUB,<br><br>Defendants. | : | CIVIL ACTION<br><br>No. 26-cv-742-JMY |

**MEMORANDUM**

**Younge, J.** **August 17, 2026**

Christopher Rogalski, proceeding *pro se*, sued several defendants following an investigation into his actions as a substitute teacher at Neshaminy High School ("NHS") in Bucks County. Specifically, Rogalski has brought federal malicious prosecution claims and related *Monell* claims against Middletown Township, Pennsylvania; Joseph Bartorilla, its Chief of Police; and Andrew Amoroso, an officer with its police department (the "Township Defendants"), and similar claims—along with a breach of contract claim—against Neshaminy School District and NHS's principal, Ryan Staub (the "School District Defendants"). Before the Court are Defendants' Motions to Dismiss. (ECF Nos. 8, 12).

This Court has previously ruled on similar facts under a separate caption, 25-cv-5881-JMY. There, the Court dismissed Rogalski's malicious prosecution claim against Amoroso (the sole defendant) and remanded any remaining state law claims to the Bucks County Court of Common

Pleas. (25-cv-5881-JMY ECF No. 18). Rather than accept the Court's invitation to pursue his claims in state court, Rogalski filed the instant complaint the following day under a new caption, 26-cv-742-JMY. Because his federal claims are time-barred, and because he waives his claim for breach of contract, the Court dismisses Rogalski's complaint without prejudice.[1]

## I. BACKGROUND

### A. Facts

The Court will not revisit in detail the factual background of this case, which it has previously articulated. (25-cv-5881-JMY ECF No. 18). Suffice it to say, a dispute arose surrounding Rogalski's actions in the spring of 2022 towards L.M., a then-14-year-old freshman girl at NHS, where Rogalski was a substitute teacher. (ECF No. 5 ¶¶ 12, 15). L.M.'s mother, Kelly Lynne McGarrity, informed Middletown Township police on April 7 that Rogalski was "harassing" her daughter, and Officer Amoroso began investigating. (ECF No. 5 ¶ 30).

On May 9, 2022, Amoroso filed an affidavit of probable cause against Rogalski for corruption of a minor. (ECF No. 5 ¶ 37). On June 29, a preliminary hearing before Bucks County Magistrate District Judge Daniel Baranoski—at which L.M. testified—resulted in the addition of a charge for disorderly conduct, the approval of both charges for trial, and an order that Rogalski refrain from unsupervised contact with minors. (ECF No. 5 ¶¶ 44, 48, 49). That order prevented Rogalski from working as a teacher or tutor. (ECF No. 5 ¶ 45).

On August 3, 2023, President Judge Wallace Bateman of the Bucks County Court of Common Pleas dismissed the charges against Rogalski "as unsubstantiated based upon L.M.'s testimony at the preliminary hearing and the law." (ECF No. 5 ¶ 51).

[1] The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f).

### B. Procedural History

In his previous case, Rogalski sued Amoroso and McGarrity *pro se* in the Bucks County Court of Common Pleas on September 3, 2025. (25-cv-5881-JMY ECF No. 1 Ex. A). McGarrity was dismissed from the case on October 7, 2025, and Amoroso removed the case against him to this Court on October 14. (25-cv-5881-JMY ECF No. 1). He moved to dismiss the case on October 21, Rogalski responded on November 7, and Amoroso replied on November 14. (25-cv-5881-JMY ECF Nos. 6, 7, 9). On February 3, 2026, this Court dismissed Rogalski's malicious prosecution claim—the only claim "that could plausibly arise from federal law"—and remanded his remaining case to state court. (25-cv-5881-JMY ECF No. 18 at 1).

On February 4, 2026—one day later—Rogalski filed *this* case against Amoroso and four new defendants. (ECF No. 1). After Rogalski filed an amended complaint (ECF No. 5), Defendants filed Motions to Dismiss his claims: the Township Defendants on March 17, and the School District Defendants on March 27. (ECF Nos. 8, 12). Replies followed. (ECF Nos. 13, 16–19).

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must sufficiently plead facts that, if accepted as true and interpreted in the light most favorable to the plaintiff, "state a claim to relief that is plausible on its face." *McTernan v. City of York*, 577 F. 3d 521, 526, 530 (3d. Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Likewise, the tenet that a court must accept as true all the allegations in a

complaint is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. Pleadings that offer only "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

This well-established standard has an additional gloss when, as here, a plaintiff is proceeding *pro se*. That is because a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Montgomery v. Pinchak*, 294 F.3d 492, 500 (3d Cir. 2002) (internal quotation marks and citations omitted). Therefore, the Court is obligated to construe pro se claims "liberally." *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005).

## III. DISCUSSION

### A. Rogalski's Federal Claims Are Time-Barred

Three of Rogalski's claims—for malicious prosecution against Amoroso, and *Monell* liability for the remaining Defendants—are brought under 42 U.S.C. § 1983. Because these claims are time-barred, the Court dismisses them without prejudice.

Section 1983 has no freestanding statute of limitations. Instead, it borrows "the law of the State in which the cause of action arose," looking to the length of the statute of limitations that "the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Pennsylvania law establishes a two-year deadline for such actions. Pa. Cons. Stat. § 5524.

However, "the accrual date of a § 1983 cause of action"—the date a plaintiff may bring his claim, and the date the statute of limitations begins to run—"is a question of federal law that is *not* resolved by reference to state law." *Kato*, 549 U.S. at 388. Under federal law, a malicious prosecution cause of action accrues when "the criminal proceedings have terminated in the plaintiff's favor." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). And a *Monell* claim under § 1983

accrues "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The accrual date of Rogalski's malicious prosecution claim was August 3, 2023, when "President Judge Wallace Bateman dismissed all charges against Plaintiff as unsubstantiated." (ECF No. 5 ¶ 51). The accrual date for his *Monell* claims was the same, since that is the date Rogalski's alleged injury was completed. The statute of limitations therefore expired two years later, on August 3, 2025—more than six months before Rogalski filed the instant complaint on February 4, 2026. The Court therefore dismisses Rogalski's claims without prejudice and—as before—directs him to the Bucks County Court of Common Pleas if he wishes to pursue his claims.

**B. Rogalski Waived His Breach of Contract Claim**

Rogalski also asserts a breach of contract claim against the School District Defendants, who move to dismiss it for failure to state a claim. (ECF No. 5 ¶¶ 90–93; ECF No. 12 at 13). Specifically, School District Defendants argue that, to bring a claim for breach of contract under Pennsylvania law, Rogalski must allege "(1) the existence of a contract; (2) a breach of a duty imposed by the contract; and (3) damages." (ECF No. 12 at 13 (*citing Sullivan v. Chartwell Inv. Partners, LP*, 873 A.2d 710, 716 (Pa. Super. 2005)). School District Defendants correctly note that Rogalski's amended complaint does not—even under the lenient pleading standard afforded to *pro se* litigants—allege the existence of a contract, a duty imposed by a contract, or damages in connection with a contract. (ECF No. 5 ¶¶ 90–93).

Rogalski's replies do not address this argument. (ECF Nos. 13, 18). "The filing of a brief in opposition to a motion to dismiss that fails to respond to a substantive argument is a waiver or abandonment of that claim." *Lynch v. Tasty Baking Co.*, 2024 WL 2848295, at *2 (E.D. Pa. June

5, 2024) (*citing Dreibelbis v. Scholton*, 274 Fed. App'x. 183, 185 (3d Cir. 2008)). The Court therefore dismisses his claim for breach of contract without prejudice.

## IV. CONCLUSION

For the foregoing reasons, Rogalski's claims are **DISMISSED** without prejudice. An appropriate order follows.

**IT IS SO ORDERED.**

BY THE COURT:

*/s/ John Milton Younge*

**Judge John Milton Younge**